# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RAY SCOTT HEID,                              Case No. 1:16-cv-234
     Petitioner,

                                  Black, J.
     vs.                                    Litkovitz, M.J.


WARDEN, ROSS                                 **REPORT AND**
CORRECTIONAL INSTITUTION,                    **RECOMMENDATION**
     Respondent.


Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc.

1). In the petition, petitioner challenges his conviction and sentence in Case No. 04-CR-853 filed

with the Scioto County, Ohio, Court of Common Pleas. (*Id.*). This matter is before the Court on

respondent's motion to dismiss (Doc. 11), which petitioner opposes. (*See* Doc. 16).[1]

## I. PROCEDURAL HISTORY

### A. State Proceedings

1. **Trial Proceedings**

In November 2004, the Scioto County grand jury returned an indictment in Case No. 04-

CR-853, charging petitioner with one count of aggravated arson in violation of Ohio Rev. Code §

2909.02(A)(2) (Count 1) and two counts of arson in violation of Ohio Rev. Code § 2909.03(A)(2)

---

[1] Respondent has also separately filed 48 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 10). In addition, petitioner has filed a motion to compel his trial counsel, Richard Nash, Jr., to respond to interrogatories and discovery requests, as well as another motion for discovery and for appointment of counsel. (*See* Docs. 8, 17). In a separate order issued this date, those motions, which were opposed by respondent, have been denied.

(Counts 2-3). (Doc. 10, Ex. 1). It appears from the trial court's docket record that a warrant issued for petitioner's arrest on December 7, 2004. (*See id.*, Ex. 44). However, on December 8, 2004, the trial court issued an order granting the State's motion "to toll time" because the Sheriff was unable serve petitioner, who could not be located, with summons on the indictment. (*See id.*).

The next entry in the court docket for Case No. 04-CR-853 was filed on May 12, 2005.[2] In that entry, it was ordered that petitioner, who was confined in prison, be "returned to Scioto County for a[n] arraignment hearing" scheduled for May 17, 2005. (*Id.*). At the May 17, 2015 hearing, counsel was appointed to represent petitioner and petitioner entered a not-guilty plea. On June 17, 2005, the defense filed a request for a bill of particulars followed by a request for disclosure of evidence on June 20, 2005. The State filed responses to those requests on June 27, 2005, as well as a supplemental response to the request for discovery on July 12, 2005. (*Id.*). Thereafter, on July 21, 2005, the defense filed a motion "for separation of counts & order for the State to deliver any confession to the court for inspection," which was objected to by the State. (*Id.*). That motion resulted in the issuance of a court order continuing the originally scheduled July 25, 2005 trial date and tolling the time "until said matter is reset." (*See id.*, July 27, 2005 "Judgment Entry," at PAGEID#: 701).

---

[2] Although not reflected in the docket, petitioner has submitted evidence that on January 5, 2005, during the period between the entries of December 8, 2004 and May 12, 2005, a "Wanted Detainer" was placed on him at his place of incarceration, where he was already serving a sentence due to expire in September 2008 upon his conviction in November 2004 for theft and burglary in Ross County Case No. 04-CR-325. (*See* Doc. 1, at PAGEID#: 85, 90-91, 146). In a form executed on January 18, 2005, petitioner made a request under Ohio Rev. Code § 2941.401 for "early disposition" of the untried indictment in Case No. 04-CR-853. (*See id.*, at PAGEID#: 87-88, 207-08). It appears that the request was sent by cover letter dated January 20, 2005, from the prison warden to the prosecuting attorney in Case No. 04-CR-853, with the Clerk of Courts, Adult Parole Authority, Record Office and "Inmate" provided a courtesy copy of that submission. (*See id.*, at PAGEID#: 86, 206). Petitioner has submitted evidence indicating that the request was received by the Scioto County Prosecutor and Clerk of Courts on January 24, 2005. (*See id.*, at PAGEID#: 83-85).

It appears from the record that the trial was rescheduled for August 8, 2005.  (*See id.*, at PAGEID#: 701).  However, on August 5, 2005, petitioner entered a guilty plea to the aggravated arson count and arson charge set forth in Count 2 in exchange for the dismissal of Count 3 and an "agreed sentence" of five years to be served concurrently with the sentence that petitioner was already "serving in case number 04-CR-325 out of Ross County Common Pleas Court."[3]  (*See id.*, Ex. 2; Ex. 3, at PAGEID#: 276; Ex. 44, at PAGEID#: 703).  On August 9, 2005, following a sentencing hearing, the trial court issued a judgment entry sentencing petitioner in accordance with the parties' plea agreement to an aggregate prison term of five (5) years, which consisted of consecutive prison terms of four (4) years for the aggravated arson offense and one (1) year for the arson offense, to be served concurrently with the sentence imposed in the Ross County case.  (*Id.*, Ex. 3).

A year later, on August 6, 2006, the trial court issued a judgment entry granting petitioner's motion for judicial release and sentencing petitioner to five (5) years of community control.  (*Id.*, Ex. 4).  No further activity took place in the case until May 30, 2008, when the trial court held a hearing at the request of the court's Probation Department based on charges that petitioner had violated the terms and conditions of his community control.  (*See id.*, Ex. 5).  After "hearing the evidence presented, the admission of the defendant, and the arguments of counsel," the court found that a community-control violation had occurred, revoked petitioner's community control, and re-imposed the original five-year prison sentence.  (*Id.*).

It appears from the record that the community-control violation charge was brought after

---

[3] Petitioner has indicated that he was also promised "Judicial Release within one year" as part of his plea agreement with the State.  (*See* Doc. 16, at PAGEID#: 782).

the Scioto County grand jury returned an indictment charging petitioner with aggravated murder with firearm specification in Case No. 08-CR-467. (*See id.*, Ex. 7, at PAGEID#: 306). *See also Heid v. Warden, Ross Corr. Inst.*, No. 1:16-cv-398 (Black, J.; Bowman, M.J.) (Doc. 8, Ex. 1). On May 30, 2008, the same date that his community control was revoked in the instant matter, petitioner was convicted upon entry of a guilty plea to murder with firearm specification and sentenced in Case No. 08-CR-467 to an aggregate prison term of 18 years to life, to be served consecutively to the five-year term imposed in this case. *See Heid v. Warden, Ross Corr. Inst.*, No. 1:16-cv-398 (Black, J.; Bowman, M.J.) (Doc. 8, Exs. 2, 4).[4]

### 2. **March 21, 2014 Motion To Vacate Judgment Of Conviction**

Petitioner did not take any action to challenge the underlying judgment of conviction and sentence in Case No. 04-CR-853 until March 21, 2014,[5] when he filed a *pro se* pleading entitled

---

[4] Petitioner has filed another separate habeas action, which is currently pending in this Court, challenging his conviction and sentence in Case No. 08-CR-467. *See Heid v. Warden, Ross Corr. Inst.*, No. 1:16-cv-398 (Black, J.; Bowman, M.J.) (Doc. 1).

[5] It is noted that the trial court's docket record does reflect that petitioner filed a *pro se* motion to withdraw his guilty plea on February 1, 2010. (*See* Doc. 10, Ex. 44, at PAGEID#: 704). However, as respondent has pointed out (*see* Doc. 11, p. 6 n.2, at PAGEID#: 727), that motion, which was also filed in Case No. 08-CR-467, raised issues pertaining only to petitioner's murder conviction in Case No. 08-CR-467. *See Heid v. Warden, Ross Corr. Inst.*, No. 1:16-cv-398 (Black, J.; Bowman, M.J.) (Doc. 8, Ex. 5). Therefore, the trial court denied the motion on April 16, 2010 in an entry that was filed only in Case No. 08-CR-467. *See id.* (Doc. 8, Ex. 6). In addition, on February 20, 2014, a month before he filed his "Legal Notice" pleading in this case, petitioner filed a motion requesting production of the state-court record. However, that motion did not challenge the underlying judgment of conviction and sentence and thus did not qualify as a petition for state post-conviction relief or other collateral review. *Cf. Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001) (holding that the petitioner's "motion for production of documents and for a free copy of the court record" did not amount to "a request for collateral review with respect to the pertinent judgment" for purposes of tolling the habeas statute of limitations under 28 U.S.C. § 2244(d)(2)); *Brown v. MaClaren*, No. 2:15cv12074, 2016 WL 1242435, at *3 (E.D. Mich. Mar. 30, 2016) (and cases cited therein) (holding that the habeas petitioner's "motion for the production of transcripts and documents does not qualify as an application for post-conviction or collateral review and does not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)"), *appeal filed*, No. 16-1599 (6th Cir. May 10, 2016); *Harper v. Warden, Belmont Corr. Inst.*, No. 2:14cv1220, 2015 WL 3867262, at *9-10 (S.D. Ohio June 23, 2015) (Report & Recommendation) (and numerous cases cited therein) (holding that the petitioner's request for the grand jury transcript did not involve state "collateral review of the underlying judgment or sentence that tolls the running of the [habeas] statute of limitations under 28 U.S.C. §

4

"Legal Notice Of Violation To ORC 2941.401" with the trial court. (Doc. 10, Ex. 20). In that

pleading, petitioner requested that his conviction be vacated on the ground that he was not

provided a speedy trial within 180 days as required under Ohio Rev. Code § 2941.401; petitioner

claimed that his guilty plea entered "well beyond the 180 day time guideline" was "outside of the

Court's jurisdiction to accept." (*Id.*).

The State filed a brief opposing petitioner's motion. (*Id.*, Ex. 21). The State contended that

to the extent the pleading should be construed as a petition for post-conviction relief under Ohio

Rev. Code § 2953.21, it was untimely. The State also argued that petitioner had "waived all rights

regarding the time frame in which he could be brought to trial when he entered a guilty plea," and

that petitioner could not "claim that 'time' was an issue not brought to his attention at the time of

the plea" because, before entering the plea, he had filed a motion under Ohio's speedy trial statute,

Ohio Rev. Code § 2945.71. (*Id.*).

On April 16, 2014, the trial court overruled petitioner's motion as "not well taken." (*Id.*,

Ex. 23).

### 3. **May 15, 2014 Motion To Withdraw Guilty Plea**

On May 15, 2014, petitioner filed a *pro se* motion to withdraw his guilty plea with the trial

court. (Doc. 10, Ex. 28). In his memorandum in support of the motion, petitioner essentially

contended that his guilty plea was invalid because his trial counsel provided ineffective assistance

in numerous ways and coerced him to plead guilty when the indictment should have been

dismissed for failure to comply with the speedy trial time requirements set forth in Ohio Rev. Code

---

2244(d)(2)"), *adopted*, 2015 WL 4538566 (S.D. Ohio July 27, 2015), *appeal filed*, No. 15-3958 (6th Cir. Sept. 2, 2015).

§ 2941.401. (*See id.*).  The State filed a memorandum opposing petitioner's motion (*see id.*, Ex. 29), and on June 17, 2014, the trial court overruled the motion as "not well taken."  (*Id.*, Ex. 31).

### 4.  June 12, 2014 Post-Conviction Petition

On June 12, 2014, petitioner filed a *pro se* petition for post-conviction relief with the trial court.  (Doc. 10, Ex. 32).  Petitioner explained in the petition that he had not satisfied the time requirements for filing because he had presumed his trial counsel's performance was "adequate . . . until counsel again pressured [him] to plea[d] guilty with erroneous advi[c]e and undue influence" in the 2008 case that resulted in petitioner's conviction and sentence for murder with firearm specification.  (*Id.*, at PAGEID#: 566).  Petitioner also claimed that his delay in filing was "due in part" to his *pro se* status and lack of legal knowledge, as well as "to lack of evidence" to the extent that he was "prevented from obtaining any Discovery, sentencing transcripts, or even a Journal Entry."  (*Id.*).[6]

In the petition, petitioner presented eighteen claims of error, including six claims of ineffective assistance by trial counsel; numerous claims stemming from the alleged denial of a "speedy and public trial"; claims challenging the original sentencing hearing in August 2005; a claim of a denial of due process in the community control revocation proceeding held in May

---

[6] It appears from the present record that petitioner's contention that he was prevented from obtaining evidentiary materials is based on the denial of two motions for production of the state-court record that petitioner had filed with the trial court in February and April 2014; the trial court issued rulings denying the two motions in March and April 2014, *before* petitioner filed his petition for post-conviction relief on June 12, 2014.  (*See* Doc. 10, Exs. 16, 19, 24, 27).  It further appears that on July 9, 2014, while his post-conviction petition was pending before the trial court, petitioner filed a third motion for court records, which was denied on August 20, 2014.  (*See* Doc. 11, p. 7, at PAGEID#: 728); *see also State v. Heid*, No. 14CA3655, 2015 WL 1774331, at *2 (Ohio Ct. App. Apr. 13, 2015).  Petitioner appealed the denial of that third motion to the Ohio Court of Appeals, Fourth Appellate District, which issued a decision affirming the trial court's judgment on April 13, 2015.  *Heid, supra,* 2015 WL 1774331, at *2-5.  Respondent states that petitioner did not pursue a further appeal to the Ohio Supreme Court in that matter.  (Doc. 11, p. 7, at PAGEID#: 728).

2008; claims of "cruel and unusual punishment"; and a claim based on the prosecution's alleged failure to disclose evidence.  (*See id.*, at PAGEID#: 568-87).  In its memorandum filed in opposition to the petition, the State contended that the petition should be denied on the ground that it was untimely and, in any event, barred from review by the doctrine of *res judicata*.  (*Id.*, Ex. 33).

On September 29, 2014, the trial court overruled petitioner's post-conviction petition without opinion.  (*Id.*, Ex. 35).  On January 23, 2015, at the request of petitioner in a motion for findings of fact and conclusions of law, the court issued another judgment entry, which contained the finding that "the case involved an agreed sentence and the defendant was afforded his constitutional rights."  (*Id.*, Ex. 36).

On March 10, 2015, petitioner next filed a motion for leave to file a delayed appeal to the Ohio Court of Appeals, Fourth Appellate District.  (*Id.*, Ex. 37).  On August 19, 2015, the Ohio Court of Appeals denied the motion.  (*Id.*, Ex. 38).  In so ruling, the court reasoned in relevant part:

> This appeal . . . is from a post-conviction action which is a collateral civil attack on a judgment and is not considered an appeal of a criminal conviction. . . .  App.R. 5(A) allows delayed appeals in only certain categories of cases, and neither civil nor post-conviction appeals are included.  Moreover, there are no provisions in the Ohio Rules of Appellate Procedure that permit the filing of a delayed appeal in a civil case.
>
> A timely notice of appeal is required to invoke this Court's jurisdiction. . . . Therefore, because Heid did not file a timely notice of appeal and App.R. 5(A) does not apply, we do not have jurisdiction to consider this matter.

(*Id.*, at PAGEID#: 644) (Ohio case citations omitted).  Petitioner filed a motion for reconsideration, which was denied on September 28, 2015.  (*See id.*, Exs. 39-40).

### 5.  **June 12, 2014 Motion For Delayed Appeal From August 5, 2005 Judgment Entry**

On June 12, 2014, over six years after his community control was revoked in May 2008

and nearly nine years after the trial court issued the original judgment of conviction and sentence in August 2005, petitioner filed a *pro se* motion for delayed appeal from the original judgment to the Ohio Court of Appeals, Fourth Appellate District.  (*See* Doc. 10, Ex. 6).  Petitioner presented the same justifications for his delay in filing that he had raised in his post-conviction petition, discussed above, that had been filed with the trial court on the same date.  (*See id.*, at PAGEID#: 287-88).  In another subsequent filing, petitioner asserted the following potential assignments of error:

1.  The trial court committed plain error and violated [petitioner's] right to due process and equal protection of the laws when it accepted his plea and sentenced him to prison when said court lacked jurisdiction to entertain the indictment, information or complaint.

2.   [Petitioner] was deprived of his Constitutional Right to a speedy and public trial.

3.  [Petitioner] was deprived of his Constitutional right to the effective assistance of counsel.

(*Id.*, Ex. 9).

On August 27, 2014, the Ohio Court of Appeals denied petitioner's motion for delayed appeal on the ground that petitioner had "not presented an adequate explanation to justify granting him leave to file a delayed appeal almost nine years after his conviction and sentencing and over six years after his community control revocation."  (*Id.*, Ex. 10).  Petitioner next filed a motion for reconsideration and a motion to certify conflict.  (*Id.*, Exs. 11-12).  On October 17, 2014, the court denied those motions.  (*Id.*, Ex. 13).  In denying the motion for reconsideration, the court reasoned in pertinent part:

In his application, Heid contends that this Court erred in not allowing his appeal because he is arguing a speedy trial violation under R.C. 2941.401 and, under that

8

statute, the trial court loses jurisdiction if an action is not brought to trial within the specified time period. Heid contends that "subject matter jurisdiction" can never be waived or forfeited and, consequently, he can raise it at any time. . . .

We disagree. First, it is well settled that "a defendant must raise a R.C. 2941.401 speedy trial objection prior to trial and cannot raise the issue for the first time on appeal.". . . Moreover, "where an accused enters a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal.". . . Therefore, speedy trial violations can be waived and – when he entered a guilty plea – Heid waived any speedy trial violations that may have occurred.

Accordingly, this Court did not err in denying Heid's motion for leave to file a delayed appeal that was filed nearly nine years after his sentencing.

(*Id.*, Ex. 13, at PAGEID#: 404-05) (Ohio case citations omitted).

On September 22, 2014, petitioner filed a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 27, 2014 denial of his delayed appeal motion. (*See id.*, Exs. 14-15). In his memorandum in support of jurisdiction, petitioner asserted as propositions of law essentially the same three claims that he had raised to the Ohio Court of Appeals as potential assignments of error. (*Id.*, Ex. 15). On March 11, 2015, the Ohio Supreme Court declined to accept the appeal for review. *See State v. Heid*, 141 Ohio St.3d 1489, 26 N.E.3d 824 (Table), 2015-Ohio-842 (Ohio 2015).

## B. Federal Habeas Corpus Petition

Petitioner filed the instant petition for federal habeas relief on January 9, 2016. (*See* Doc. 1).[7] In the petition, petitioner asserts the following grounds for relief:

**Ground One:** Mr. H[ei]d's protected rights of due process and equal protection of

---

[7] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). In this case, petitioner has averred that he placed the petition in the prison mailing system on January 9, 2016, the same date that the petition was scanned and emailed to the court and stamped as "filed" by the Clerk of Court. (*See* Doc. 1, at PAGEID#: 1, 13).

law were violated.

**Supporting Facts:**  Trial court lost jurisdiction over the indictment, making the sentence imposed void, illegal, and invalid.

**Ground Two:**  Mr. Heid was denied his Constitutional right to a speedy and public trial.

**Supporting Facts:**  Mr. Heid was arrested, charged, and prosecuted for over 370-days without receiving a jury trial.  During which time Mr. Heid filed the appropriate motion to secure a trial and was denied this right without due course of law.

**Ground Three:**  Mr. Heid was deprived of his Constitutional right of the effective assistance of counsel.

**Supporting Facts:**  Counsel was an acting agent on behalf of the state, engaged in a conspiracy, who provided misrepresentation to induce a guilty plea.  This was done by stating my Constitutional right to a speedy trial and equal protection right of the governing statute did not apply to me, and furthering this conspiracy when presenting the estoppel by election that induced me to plea[d] guilty.  Counsel failed to pursue the affirmative defense(s) that were available to me, or at least, correctly advise me of those defenses.  Counsel failed to ensure I reviewed the Presentence-investigation report.

**Ground Four:**  Mr. Heid's guilty plea is unconstitutional and therefore invalid.

**Supporting Facts:**  This plea was compelled by the undue influence of counsel and not knowingly or voluntarily (or intelligently) made.  Counsel's uttered threats and estoppel by election incited fear and anxiety that compelled the illicit plea.

(*Id.*, at PAGEID#: 7, 8, 9, 10).

Respondent has filed a motion to dismiss the petition.  (Doc. 11).  Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d).  (*See id.*).  Petitioner has filed a brief opposing the motion to dismiss.  (Doc. 16).

## II.  RESPONDENT'S MOTION TO DISMISS (DOC. 11) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's grounds for habeas corpus relief.  Respondent contends that petitioner's claims are governed by the one-year statute of limitations set forth in § 2244(d)(1)(A) because the factual bases for his claims arose and were discoverable in the exercise of due diligence before petitioner's conviction became final in 2005 and certainly by the time his community control was revoked in May 2008.  (*See* Doc. 11, p. 10, at PAGEID#: 731).  Petitioner has posited two arguments opposing respondent's position.  The undersigned is not persuaded by

11

either of petitioner's arguments.

First, petitioner contends that no statute of limitations provision should apply because of the alleged speedy-trial violation under Ohio Rev. Code § 2941.401, which deprived the trial court of jurisdiction to convict and sentence him.  It is petitioner's position that jurisdictional issues can be raised at any time and are never time-barred.  (*See* Doc. 16, at PAGEID#: 800-01).  However, as one court within this circuit pointed out in an analogous case, "the issue of state court jurisdiction is a question of state law, which has no bearing on the limitations issue in this [federal habeas] case."  *Dew v. Pancake*, No. 5:07CV-P37-R, 2007 WL 4302429, at *4 (W.D. Ky. Dec. 7, 2007) (holding that the § 2254 petition was time-barred despite the petitioner's claim that the trial court lacked jurisdiction over a crime for which the petitioner was convicted).  As the court in *Dew* explained:

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maxim[] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court."  In other words, it is up to [the state] courts to resolve issues as to whether or not subject matter jurisdiction exists.  This court does not review determinations of state law made by [the state] courts. . . .

*Id.* (quoting *Thompson v. Warden Perry Corr. Inst.*, C/A No. 3:06-3429, 2007 WL 2579570, at *4 (D. S.C. Sept. 4, 2007), wherein the district court similarly held that a § 2254 petition was untimely despite the petitioner's claim that his state conviction was void on jurisdictional grounds).

In any event, in this case, the Ohio Court of Appeals expressly rejected petitioner's contention that the alleged state speedy trial violation presented a jurisdictional issue that could not be waived and could be raised at any time after the trial court proceedings concluded following petitioner's entry of a guilty plea.  (*See* Doc. 10, Ex. 13, at PAGEID#: 404-05).  "[B]ecause the

12

state courts are final authority on state-law issues, th[is] federal habeas court must defer to and is bound by the state court's ruling[]" on the state jurisdictional matter. *See Bennett v. Warden, Lebanon Corr. Inst.,* 782 F. Supp.2d 466, 478 (S.D. Ohio 2011) (and cases cited therein); *cf. Jones v. Woods*, 635 F. App'x 254, 257 (6th Cir. 2015) (citing *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005)) (in affirming the district court's denial of a habeas petition based on a claim that the petitioner's trial counsel was ineffective for failing to request a self-defense jury instruction, the Sixth Circuit emphasized that "[w]e are bound by the [state] Court of Appeals' determination that [the petitioner] was not entitled to the instruction under state law"); *Meyers v. Ohio*, No. 1:14cv1505, 2016 WL 922633, at *7 (N.D. Ohio Jan. 21, 2016) (Report & Recommendation) (citing *Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988)) ("federal habeas courts are bound by decisions of intermediate state courts on questions of state law unless convinced that the state's highest court would decide the issue differently"), *adopted*, 2016 WL 916602 (N.D. Ohio Mar. 9, 2016).[8]

---

[8] Although this Court need not address the merits of petitioner's state-law jurisdictional claim, it appears from the record presented that such claim lacks merit. Under Ohio law, when a prisoner has satisfied the requirements of Ohio Rev. Code § 2941.401, the speedy trial time begins to run the date the prisoner's request for disposition is received by the prosecutor and/or court. *See State v. McIntire*, No. H-10-004, 2011 WL 1167173, at *4 (Ohio Ct. App. Mar. 31, 2011) (and Ohio cases cited therein) ("the speedy-trial time period [under Ohio Rev. Code § 2941.401] begins to run from the date the notice was received by the proper court and prosecutor and not the date of mailing"). Petitioner has submitted evidence showing that his disposition request was received by the prosecutor and Scioto County clerk of courts on January 24, 2005. (*See* Doc. 1, at PAGEID#: 83-85). Because January 24, 2005 is the date that the speedy trial clock was triggered, the initially scheduled trial date of July 25, 2005 fell within the requisite 180-day period, without even taking into account the 10-day tolling of time that occurred between the defense's filing of requests for a bill of particulars and discovery and the State's responses to those requests. (*See* Doc. 10, Ex. 44); *see also State v. Brown*, 781 N.E.2d 159, 161 (Ohio 2002) (holding that "a demand for discovery or a bill of particulars is a tolling event" under Ohio's speedy trial statute); *State v. Johnson*, No. 13-CA-33, 2014 WL 260461, at *2 (Ohio Ct. App. Jan. 17, 2014) (finding in accordance with *Brown* that the 180-day period under Ohio Rev. Code § 2941.401 was "properly tolled, extending the time for trial," during the time between the defendant's discovery request and the State's initial compliance with that request). Although the July 25, 2005 trial date was canceled after the defense filed another motion on July 21, 2005, the court tolled the time to allow for the scheduling of another trial date. Petitioner entered his guilty plea three days before the trial's rescheduled date of August 8, 2005. Therefore, contrary to petitioner's contention, it appears that no violation of Ohio Rev. Code § 2941.401 occurred in this case.

Second, petitioner argues that his claims are governed by the later limitations provision set forth in § 2244(d)(1)(D), which was not triggered until January 17, 2014, when he received from prison staff a copy of his January 18, 2005 request under Ohio Rev. Code § 2941.401 for a "speedy and final disposition" of the case.  (*See* Doc. 16, p. 3, at PAGEID#: 784; ¶¶ 49, 59, at PAGEID#: 855-56).   It is petitioner's position that the document was required "as a mechanism for the redress of grievances" and that it could not be obtained "prior to January 17, 2014 due to the controlling circumstances of counsel's inducement."  (*Id.*, ¶ 59, at PAGEID#: 856).

However, it is clear from the record that petitioner was well aware of the factual bases for his claims *before* he entered his guilty plea in August 2005 and certainly by the time his community control was revoked in May 2008 when, upon the advice of the same attorney representing him in the case challenged herein, he also entered a guilty plea to murder with firearm specification in Case No. 08-CR-467.  Indeed, petitioner has admitted that when he first met with his counsel in June 2005 in this case, he "informed counsel of the demands he [had] filed" for a speedy trial "and that . . . the case should be dismissed."  (*See* Doc. 1, at PAGEID#:  35, ¶ 15).  To the extent that petitioner contends that he was unaware at that time that his counsel was ineffective for rejecting that defense and coercing him to plead guilty, petitioner has also admitted that he "began to question and investigate the legal advice he had received from counsel" when he was advised by that same attorney to enter a guilty plea on May 30, 2008 in Case No. 08-CR-467. (*See id.*, at PAGEID#: 33, ¶ 3).

Finally, the undersigned finds no merit to petitioner's claim that he could not challenge the underlying judgment of conviction and sentence entered on August 9, 2005 until after he received on January 17, 2014 a copy of his January 18, 2005 request under Ohio Rev. Code § 2941.401 for

14

a "speedy and final disposition" of the case.  It appears from the record that petitioner was provided a copy of that document as early as January 20, 2005, when the prison warden sent petitioner's request for disposition to the prosecuting attorney by way of a cover letter that stated "Inmate" was sent a courtesy copy of the submission.  (*See* Doc. 1, at PAGEID#: 86, 206).  In any event, even assuming petitioner was not provided a copy of the document at that time, he waited until January 6, 2014 to request it from prison staff.  (*See id.*, at PAGEID#: 148, ¶ 39).  Petitioner has not provided an explanation that is sufficient to justify his extensive delay in seeking a copy of his own request that he had made nine years earlier.  Moreover, contrary to his contention, petitioner was not in the meantime prevented by his alleged lack of access to that document from raising any of the claims alleged as grounds for relief in the instant action by way of a timely appeal to the Ohio Court of Appeals from the August 9, 2005 judgment of conviction and sentence or the May 30, 2008 entry revoking his community control, or by way of a timely application for state post-conviction relief or other collateral review.

Therefore, the undersigned finds that petitioner's claims are governed, as respondent has argued, by the provision set forth in 28 U.S.C. § 2244(d)(1)(A).  The underlying judgment of conviction and sentence entered on August 9, 2005 in Case No. 04-CR-853 became "final" within the meaning of § 2244(d)(1)(A) on September 8, 2005, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals.  *See* Ohio R. App. P. 4(A).  However, in this case, petitioner was later released to community control and, on May 30, 2008, was subject to another judgment entry revoking his community control and re-imposing the original five-year prison sentence.  Therefore, the undersigned will assume, without deciding, in petitioner's favor that the later judgment entry of community-control revocation determines the finality of petitioner's

15

conviction and sentence.  Based on that assumption, petitioner's conviction and sentence became final for statute-of-limitations purposes on June 30, 2008, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's May 30, 2008 judgment entry.[9]

Although petitioner later filed an unsuccessful motion on June 12, 2014 requesting leave to file a delayed appeal to the Ohio Court of Appeals from the original August 9, 2005 judgment entry of conviction and sentence, that motion does not affect the finality determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise serve to restart the running of the statute-of-limitations clock. *See, e.g.*, *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 459-60 (6th Cir. 2012) (rejecting the petitioner's argument that his conviction did not become final under § 2244(d)(1)(A) until after his motion for delayed appeal was denied by the Ohio Supreme Court);[10] *Quillen v. Warden, Marion Corr. Inst.,* No. 1:12cv160, 2013 WL 1315089, at *5 (S.D. Ohio Mar. 29, 2013) (Barrett, J.) (and numerous cases cited therein) (holding that the magistrate judge had "correctly found" that the petitioner's motions for delayed appeal to the Ohio Court of Appeals and Ohio Supreme Court "did not restart the running of the statute of limitations under § 2244(d)(1)(A)"); *Pierce v. Warden,*

---

[9] The deadline date for filing a timely appeal was actually June 29, 2008.  However, because that day fell on a Sunday, the undersigned has assumed in petitioner's favor that the 30-day appeal period was extended to include the next business day of Monday, June 30, 2008.

[10] In *Keeling*, 673 F.3d at 459, the Sixth Circuit recognized the Supreme Court's "narrow" holding in *Jimenez v. Quarterman*, 555 U.S. 113 (2009), that the *granting* of a delayed appeal within the one-year limitations period renders a conviction non-final for statute of limitations purposes because the ruling restores the pendency of the direct appeal.  However, the Sixth Circuit went on to point out that the Supreme Court later made it clear in *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641 (2012), that in contrast to the unique circumstances presented in *Jimenez*, a judgment typically becomes "final" under § 2244(d)(1)(A) when either (1) the Supreme Court affirms a conviction or denies a petition for certiorari filed by a petitioner who pursues direct review "all the way up" to the Supreme Court, or (2) "[f]or all other petitioners, . . . the time for pursuing direct review . . . in state court[] expires."  *Keeling,* 673 F.3d at 459-60 (quoting *Gonzalez,* 132 S.Ct. at 653-45).

16

*Ross Cnty. Corr. Inst.*, No. 3:10cv132, 2012 WL 5511220, at *13 (S.D. Ohio Nov. 14, 2012)

(Report & Recommendation) (citing *Keeling* in support of holding that because the Ohio Court of

Appeals "never re-opened" the petitioner's "direct appeal—i.e., it denied his motion for delayed

appeal," the proceedings held on the delayed appeal motion did not factor into the § 2244(d)(1)(A)

finality determination), *adopted*, 2013 WL 811568 (S.D. Ohio Mar. 5, 2013). Therefore, the

statute of limitations commenced running on July 1, 2008, one day after the community-control

revocation decision became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285

(6th Cir. 2000), and expired one year later on July 1, 2009 absent application of statutory and

equitable tolling principles.

During the one-year limitations period that commenced on July 1, 2008, petitioner was

entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly

filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. §

2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4

(2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision

does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve

to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v.*

*Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state

collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, petitioner did not take any action during the one-year period that ended on July

1, 2009 to challenge his August 9, 2005 conviction and sentence or the August 30, 2008

community-control revocation decision. Neither petitioner's pleadings filed in 2014 with the trial

court seeking state post-conviction relief and the withdrawal of his guilty plea nor his June 12,

17

2014 motion for leave to file a delayed appeal to the Ohio Court of Appeals from the original judgment of conviction and sentence could serve to toll the limitations period, which had expired years earlier. Therefore, absent application of equitable tolling principles, petitioner's grounds for habeas relief are barred from review because the statute of limitations ran its course on July 1, 2009, six and one-half years before the instant action commenced on January 9, 2016.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations in this case. Petitioner has not been diligent in pursuing his rights. Indeed, he waited

18

nearly six years after his community control was revoked in May 2008 before taking any action in the state courts to challenge the underlying judgment of conviction and sentence entered in August 2005 or the community-control revocation decision.

Petitioner argues in his memorandum in opposition to the motion to dismiss that he was prevented by "extraordinary circumstances" from seeking relief in a timelier manner because he was "lulled into inaction by the advice provided by counsel . . . and then misled by the State into a belief that the evidence and court records were required before obtaining relief." (Doc. 16, at PAGEID#: 802). He also suggests that he was misled by his counsel to believe that he could not pursue an appeal because, in Case No. 08-CR-467, he was told by the attorney, who was representing him in both cases, that he had no right to appeal his conviction because he had entered a guilty plea. (*See id.*, at PAGEID#: 851-52).

Petitioner's arguments are suspect to the extent that he never raised them to the state courts as justifications for his filing delays in this case. (*See* Doc. 10, Exs. 6, 32). In any event, petitioner's arguments are simply insufficient to explain why it took so many years for him to take any action, either by way of a delayed appeal to the Ohio Court of Appeals or by way of a post-conviction or collateral-review application to the trial court, to challenge his 2005 conviction and sentence or the May 2008 community-control revocation decision. *Cf. McIntosh v. Hudson*, 632 F. Supp.2d 725, 735 (N.D. Ohio 2009) (in a case where the petitioner claimed he was not advised of his right to appeal, the district court concluded that the petitioner had not demonstrated diligence in pursuing his rights, which was required for equitable tolling of the limitations period with respect to his conviction-based claims, because he "did not act to discover any appellate rights for more than two-and-a-half years after his conviction" and "[a] person in [his] position exercising due

19

diligence would have acted much sooner, seeking out his rights and remedies"); *see also Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *5-6 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) (and cases cited therein) (involving a delay of more than two years in filing a motion for delayed appeal after the imposition of sentence), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016).

Finally, to the extent that petitioner has contended his delays in filing should be excused given his *pro se* status and lack of legal knowledge or understanding of filing requirements, as well as his lack of access to the state-court record, it is well-settled in the Sixth Circuit that those arguments are not sufficient to warrant equitable tolling.  *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking, supra*, 2016 WL 4505765, at *4 ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations.").  Petitioner's unsupported, conclusory contentions about being misled by his trial counsel and the State are insufficient to justify equitable tolling of a statute of limitations that expired on July 1, 2009, six and one-half years before he filed the instant federal habeas action and approximately four and one-half years before he took any action in the state courts to

challenge his August 2005 conviction and sentence or the decision in May 2008 to revoke his community control.

Finally, petitioner has not shown that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). In cases such as this involving a conviction upon entry of a guilty plea, "[t]he application of *Schlup* . . . creates a host of analytical difficulties, given that there is no jury (or factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a fashion designed to establish guilt beyond a reasonable doubt, and the petitioner typically has confirmed his guilt through the solemnity of a plea colloquy." *See Eads v. Bottom*, No. 6:13-CV-29, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014) (and cases cited therein as recognizing those problems). The Sixth Circuit has indicated that in such cases, the court may consider the "facts to which [the petitioner] admitted" when he entered his guilty plea and "any other evidence of his guilt that the Government has marshaled." *See Connolly v. Howes*, 304 F. App'x 412, 418 (6th Cir. 2008) (internal citation and quotation marks omitted). *Cf. Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (on remanding a case to permit the petitioner to make a showing of actual innocence for purposes of excusing a procedural bar to review of his guilty-plea conviction, the Supreme Court stated that "the Government is not limited to the existing record to rebut any showing that petitioner might make" and "should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy"). In

21

addition, the petitioner must show not only that he is innocent of the guilty-plea charges, but that he is also "actually innocent of the other charges the government chose to forego during the plea bargaining process." *Howard v. United States Dep't of Justice,* 3 F. App'x 269, 270 (6th Cir. 2001) (citing *Bousley*, 523 U.S. at 624).

In this case, petitioner has not presented any new evidence to support an actual innocence claim. Moreover, there is no evidence in the record that would suggest a credible claim of actual innocence in the face of petitioner's admission of guilt to one count of aggravated arson and one count of arson in exchange for the dismissal of another arson count and a five-year prison sentence.

Accordingly, in sum, the undersigned concludes that the petition is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Even after assuming in petitioner's favor that petitioner's August 9, 2005 conviction and sentence in Case No. 04-CR-853 did not become "final" under § 2244(d)(1)(A) until June 30, 2008, when the time expired for filing a timely appeal from the trial court's May 30, 2008 community-control revocation decision, the instant petition was filed six and one-half years after the limitations period expired on July 1, 2009. Petitioner has not demonstrated that equitable tolling principles apply to extend the limitations period or otherwise avoid the statute-of-limitations bar to review. Therefore, respondent's motion to dismiss (Doc. 11) should be **GRANTED**, and petitioner's petition for federal habeas relief (Doc. 1) be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 11) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred.

2.  A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are procedurally barred from review on statute-of-limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[11]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  11/21/2016                          *s/Karen L. Litkovitz*
                                           Karen L. Litkovitz
                                           United States Magistrate Judge

---

[11] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his procedurally-barred grounds for relief.  *See Slack,* 529 U.S. at 484.  However, it is noted that for the reasons discussed *infra* p. 13 n.8, petitioner has failed to allege a colorable claim to the extent he alleges that his conviction is void on jurisdictional grounds and that his trial counsel was ineffective for failing to seek a dismissal of the indictment on that ground.

23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RAY SCOTT HEID,                                          Case No. 1:16-cv-234
      Petitioner,

                                      Black, J.
      vs.                                          Litkovitz, M.J.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
      Respondent.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the

recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations.   This period may be extended further by the Court on timely

motion for an extension.  Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections.  If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

24